**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MONICA MARROQUIN-PEREZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-73146

Agency No. A208-746-557

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 24, 2020[**]
San Francisco, California

Before: GOULD, CHRISTEN, and BRESS, Circuit Judges.

Monica Marroquin-Perez petitions for review of a Board of Immigration Appeals (BIA) decision dismissing her appeal of the denial of withholding of removal, 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture (CAT). We review only the BIA's decision "except to the extent that the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

1.      Marroquin-Perez seeks withholding of removal on the ground that her "life or freedom would be threatened" in her native Guatemala based on her "membership in a particular social group," 8 U.S.C. § 1231(b)(3)(A), which she defines as "Guatemalan women who are unable to leave their relationship." Among other requirements, an applicant for withholding of removal based on "membership in a particular social group" must demonstrate that she is a member of her proposed group. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (applicant must demonstrate "membership in that particular social group") (quoting *Matter of W–G– R–*, 26 I. & N. Dec. 208, 223 (BIA 2014)).

In this case, the BIA adopted the IJ's determination that Marroquin-Perez had not demonstrated she was a member of her claimed social group. We review that determination for substantial evidence. *Id.* at 1137. "Under the substantial evidence standard, the court upholds the BIA's determination unless the evidence in the record compels a contrary conclusion." *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir.

2

2007).

Regardless whether Marroquin-Perez's proposed social group is cognizable, substantial evidence supports the IJ's determination that Marroquin-Perez was not a member of her proposed group. While Marroquin-Perez claims she was unable to leave an abusive relationship with a man named Yovani, Marroquin-Perez had previously left Yovani in January 2016, when she came to the United States for the first time. At that time, she informed an immigration official that she was coming to the United States to work in New York, not to flee Yovani's domestic violence. Accordingly, substantial evidence supports the denial of withholding of removal.[1]

2.    We likewise reject Marroquin-Perez's challenge to the IJ's denial of relief under the CAT. Before the BIA, and as the BIA noted, Marroquin-Perez failed to identify any error of law or fact in the IJ's denial of her CAT claim. "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (alteration omitted) (quoting *Vargas v. U.S. Dep't of Immigration & Naturalization*, 831 F.2d 906, 907–08 (9th

---

[1] Before the BIA, Marroquin-Perez also claimed membership in another proposed social group that she defined as "Guatemalan women who are viewed as property by their domestic partner." Adopting the IJ's decision, the BIA determined that this proposed group was not valid. Other than a cursory reference in her opening brief, Marroquin-Perez does not challenge this aspect of the BIA's decision. She has thus waived the issue. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Cir. 1987)); *see also* 8 U.S.C. § 1252(d)(1).  Accordingly, we lack jurisdiction to consider this claim.

**PETITION DENIED.**